

RECEIVED

AUG 2 5 2023

BY MAIL

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
_____ DIVISION

Anthony L. Brown Jr. i10575

)
)
)
)
(*Write the full name of the plaintiff in this action.* )
*Include prisoner registration number.*) )
)
v. Jennifer Clemons-Abdullah )
    Darnel Spear    Javan Fowlkes )
    Tammy Ross    Unknown Morris )
    Marilyn Ervin    Unknown Burns )
    Lucinda Jones    Unknown Brock )
    Debra Jones )
    Freddie Wills )
    Anthony Williams )
(*Write the full name of each defendant. The caption* )
*must include the names of* **all** *of the parties.* )
*Fed. R. Civ. P. 10(a). Merely listing one party and* )
*writing "et al." is insufficient. Attach additional* )
*sheets if necessary.*) )

Case No: _____
(*to be assigned by Clerk of District Court*)

Plaintiff Requests Trial by Jury
 ☒  Yes  ☐  No

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed without prepayment of fees and costs.*

## I.   The Parties to this Complaint

### A.   The Plaintiff

Name: **Anthony Lawrence Brown Jr.**

Other names you have used: _____

Prisoner Registration Number: **110575**

Current Institution:
**SAINT LOUIS CITY JUSTICE CENTER**

Indicate your prisoner status:

[X] Pretrial detainee                    [ ] Convicted and sentenced state prisoner

[ ] Civilly committed detainee     [X] Convicted and sentenced federal prisoner

[ ] Immigration detainee            [ ] Other (explain): _____

### B.   The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

**Defendant 1**

Name: **J. Clemons-Abdullah**

Job or Title: **Commissioner**

Badge/Shield Number: _____

Employer: **SAINT LOUIS CITY JUSTICE CENTER**

Address: **200 SOUTH TUCKER, St.Louis, MO 63102**

[V] Individual Capacity                    [V] Official Capacity

2

**Defendant 2**

Name: Darnel Spear

Job or Title: Deputy Commissioner

Badge/Shield Number:

Employer: SAINT LOUIS CITY JUSTICE CENTER

Address: 200 SOUTH TUCKER St. LOUIS, MO 63102

⊠ Individual Capacity          ⊠ Official Capacity

## II. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

3

Defendant 3
Name — Tammy Ross
Job or Title — Deputy Commissioner / Program Manager
Badge / shield number —
Employer — Saint Louis City Justice Center
Address — 200 South Tucker, St. Louis, MO 63102

☑ Individual Capacity    ☑ Official Capacity


Defendant 4
Name — Marilyn Earvin
Job or Title — Major / Cheif of Security CCS
Badge / shield number. —
Employer — Saint Louis City Justice Center
Address — 200 South Tucker, St. Louis MO 63102

☑ Individual Capacity    ☑ Official Capacity


Defendant 5
Name — Debra Jones
Job or Title — D.O.N / Nurse
Badge / shield number
Employer — Yes Care / St. Louis City Justice Center
Address — 200 South Tucker, St. Louis, MO 63102

☑ Individual Capacity    ☑ Official Capacity

Defendant 6
Name - Lucinda Jones
Job or Title - H.S.A. /Nurse
Badge /shield number
Employer - Yes Care /St.Louis City Justice Center
Address - 200 south tucker, St.Louis, MO 63102
✓ Individual Capacity      ✓ Official Capacity

Defendant 7
Name - Freddie Wills
Job or Title - Captain
Badge /shield number
Employer - St.Louis City Justice Center
Address - 200 south tucker, St.Louis, MO 63102
✓ Individual Capacity      — Official Capacity.

Defendant 8
Name - Anthony Williams
Job or Title - Captain
Badge /shield number
Employer - St.Louis City Justice Center
Address - 200 south tucker, St.Louis, MO 63102

✓ Individual Capacity      — Official Capacity

Defendant 9
name – Javan Fowlkes
Job or Title – Captain
Badge / shield number
Employer – St. Louis City Justice Center
Address – 200 South Tucker, St. Louis, MO 63102

✓ Individual Capacity    — Official Capacity

Defendant 10
name –        Morris
Job or Title – RN/nurse
Badge / shield number
Employer – St. Louis City Justice Center / Yes Care
Address – 200 South Tucker, St. Louis, MO 63102

✓ Individual Capacity  ✓ Official Capacity

Defendant 11
name –        Brock
Job – Title – Unit manager
Badge / shield number
Employer – St. Louis City Justice Center
Address – 200 South Tucker, St. Louis, MO 63102

✓ Individual Capacity    ✓ Official Capacity

Defendant 12

name-           Burns
Job / Title - Nurse Practitioner
Badge / shield number
Employer- Yes Care / St.Louis City Justice Center
Address - 200 South Tucker, St.Louis MO 63102

✓ Individual Capacity      ✓ Official Capacity

## Parties

1) Defendant Jennifer Clemons-Abdullah who holds the title of Commissioner, who at all times hereto over see's the day to day operations of the St. Louis City Justice Center.

2) Defendant Darnel Spear who holds the title of Deputy Commissioner who at all times hereto over see's the day to day operations of the St. Louis City Justice Center.

3) Defendant Tammy Ross who holds the title of Deputy Commissioner who at all times hereto over see's the day to day operations of the St. Louis City Justice Center.

4) Defendant Marilyn Earvin an officer with the rank of Major and Chief of Security who at all times hereto was assigned to the St. Louis City Justice Center.

5) Defendant Lucinda Jones an employee of Yes Care with the title of Health Service Administrator (H.S.A) was at all times relevent hereto, an employee or retained by (St. Louis City Justice Center) to provide and oversee medical services and/or personnell at the St. Louis City Justice Center.

6) Defendant Debra Jones a nurse with the title of D.O.N was at all times relevant hereto, was employed or retained by the St. Louis City Justice Center to provide medical services at the St. Louis Justice Center.

7) Defendant Freddie Wills and officer with the rank of Captain who at all times relevant hereto was assigned to the St. Louis City Justice Center.

8) Defendant Javon Fowlkes an officer with the rank of Captain who at all times relevant hereto was assigned to the St. Louis City Justice Center.

9) Defendant Anthony Williams an officer with the rank of Captain who at all times relevant hereto was assigned to the St. Louis City Justice Center.

10) Defendant Nurse Morris was at all times hereto, a charge nurse, employeed or retained by the St. Louis City Justice Center to provide medical services at the St. Louis City Justice Center.

11) Defendant Unit Manager Brock an employee of the St. Louis City Justice Center with the title of Unit Manager who at all times relevant hereto over sees the day to day operations of all housing Units.

12) Defendant Burns a nurse with the title of nurse practitioner was at all time relevant hereto, an employee or retained by the St. Louis City Justice Center to provide medical services at the St. Louis City Justice Center.

Justice Center (SJC) and given a medical exam. During the medical exam Brown gave all pertinent information regarding his disability/medical condition. Brown advised nurse Wilkey that he was currently wearing his hard lens contacts, and would need supplies for care. Supplies containe clear Care cleaning solution, a silicone plunger for removel/insertion, and sodium clorid single packs. Brown also advised nurse Wilkey that his condition labels him legally blind without his corrective lenses and that he would need his contac utensils as soon as possible if he was going to be housed at (SJC)

12) Brown was denied bond on 3/20/23 and remanded to the (SJC) awaiting another bond hearing. Later that night Brown was dressed out, given a shower, a bucket containing two uniforms, two white t-shirts, two socks, and two white boxer shorts. The bucket also contained two bars of soap, one tube of toothpaste, one tooth brush, and one pair of showershoes. What the bucket did not contain was an inmate handbook, because the (SJC) does not currently have a physical copy of an up to date handbook approved by the current Commissioner and Director of Public Safety.

13) For the next approximate 10 days Brown was housed in the admissions/open seating cubicles that are suppose to be used for seating for booked in inmates waiting to talk to classifications case worker and get assigned to a cell in the Post Admissi Housing Unit (PAHM). Do to the overcrowding of the (SJC) Brown was forced to sleep in a blue rubber chair or on the dirty floor. The cubicles are not equipped with a restroom and the doors are locked like a drunk tank. Inmates have to wait for an officer to open the door to go to the restroom. Uniforms were never exchanged and under clothes were never washed during Browns 10days being housed in the Admission Area. When Brown was finally given a cell in the (PAHM) he was not given new beddings or clothes. Brown had to put the same sheets and blanket on his matress that he used to sleep on the floor with. Brown was not given a mattress the whole entire stay in admissions.

14) All of Browns contact supplies are prescribed as self carry meds. Medical personnel advised Brown that he would not be able to keep his contact supplies until he was assigned to a housing unit. Brown was forced to sleep with his contact lenses in his eyes everynight only allowed to go to medical in the morning for cleaning and reinsertion, per orders of the medical leadership. (see more pages)

### III. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. I plaintiff Brown have suffered a dramatic loss in vision that is irreversable do to the many eye infections I have developed, due to the inadequate medical treatment and care I have recieved by the medical staff employed by YesCare, and the CO staff employed by the (SJC) that failed to keep me safe. Ive had multiple migraines from having to sleep in my contact lenses. Ive had anxiety attacks and emotional distress from being around inmates without my corrective lenses and being forced to walk up and down a flight of 15 concrete steps without my lenses. Emotiona Distress from other inmates making jokes about my eye disease and disability that are really embarressing. Emotional distress from the CO staff calling me

Facts

15) Around or about the 28th of March plaintiff Brown was moved to (PAHM) Brown advised the Co on duty that he was legally blind and that he couldn't Just be housed with anybody. Brown saw an inmate he knew and felt comfortable with and asked the CO to assign him that cell. The CO recomendated Brown and assigned him to cell 8.

16) later on, on about March 28 2023 Brown yelled out the chuckhole to the CO to ask him to call medical so he could get his self carry meds. The CO advised Brown that the nurse would be around in a little while to do med pass and that he should address his issue then, Brown advises the unknown nurse about his issue and she responds by telling Brown that she doesn't think he can have them in the temporary housing Unit he would have to wait until he got to his permanent Unit but she would check with the DON. The nurse comes back and tells Brown that Just like she thought the DON said he has to wait. For the next 2 weeks Brown had to argue with every CO that worked the (PAHM) about calling medical so he could clean his contacts and every nurse that did med pass. Brown had to sleep with his contacts in his eyes everynight housed in the (PAHM) and was rarely escorted to medical to clean his lenses.

17) Around or about April 11 2023 Brown calls his mother Gina Wilkerson and advises her that he had blood vessels growing in his eyes from sleeping with his contacts for the last 20 days. That he had constant migraines and that the staff would not let him keep his medical supplies or take him to medical like they are supose to

Brown's mother calls up to the (SJC) and gets a Ms Tammy Ross on the phone. She advises Ms Ross that she would call the Mayor if the facility didn't properly handle Brown's medical needs.

18) Later on April 11 2023 Brown was called to medical to speak to the nurse practioner and Ms Tammy Ross who at the time was the program manager, Ms Ross is now the Deputy Commissioner. Brown advises Ms Ross about all the pertinent details involving his medical condition, and all the reasons why he should have his self carry meds in his cell. First he lets her know that he cannot take his contacts out for naps or at night to sleep, and when he doesn't blood vessels grow in his eyes from lack of oxygen. That the opthamologist advised him that if one of those vessels penetrate his pupil he would lose his eye. Second he advises her that he is a federal writ and is suppose to be housed in the writ Unit. Third he advises her that he would feel more comfortable celling alone. Fourth he advises her that his medical confidentiality has been compromised by him having to argue with all the Co's about his disability through a chuck hole and now everyone knows his weakness. That everyone knows that he's blind with glass in his eyes. Ms Ross advises him that she would move him the next day to (PARtF) the writ Unit. That she already got confirmation from the doctor that he could keep his contacts in his cell.

19) On April 12th 2023 Brown was moved to (PAHF) along with his cellmate Damien Stevenson into cell 40. Brown advised the officer that escorted him LT Thomas that he is supposed to have a bottem walk, bottem bunk pass do to his eye disease. LT Thomas replied that she moved him to the cell assigned to him that if he had an issue take it up with Ms. Ross or the Major.

20) Later that day on April 12th, 2023 Brown was escorted to medical. Ms. Ross advised Brown that the Commissioner went against the doctors orders for Brown to keep his contact supplies in his cell. Ms Ross advised Brown that the Commissioner said its for the safety and security of the facility. Brown asked Ms. Ross how could contact solution, simple sodium cloride, and a silicone plunger disrupt the flow of the institution. Ms Ross replied that she did not know or understand it either, but the Commissioner makes the final decisions over the jail, and that she could override the doctors decision if she saw fit to. Ms. Ross advised Brown that he would be brought to medical upon request at night to remove his lenses and returned to medical in the A.M before rec to put them back in.

21) On April 12th 2023 Brown advised Ms. Ross that when he was moved to (PAHF) he was assigned cell 40 which is on the top tier. That he is not supposed to be housed on the top tier nor top bunk. Ms. Ross replied that Brown should be happy that he even moved to (PAHF), thats a bunch of other (Writs) spread through out the facility that would love to trade places with him. Ms Ross is referring to the fact that the 3rd and 4th floor Units are on 4 cell rotation and only get 1 hour of rec per day

per rotation, while the (Writ) pod has rec from 8am to 2pm and 4pm to 9:30pm.

22) On 4/12/23 and 4/13/23 Brown was not escorted to medical to remove his contacts for soaking. Brown writes an informal grievance about it on or about 4/14/23

23) On or about 4/14/23 Brown was taken to medical in the am to clean his lenses. Major Earvin performed a walk through security round in medical and Brown stopped her and advised Ms Earvin that he was having an issue with getting an escort at night to remove his contact lenses. Ms Earvin advised Brown that she would handle the problem. Brown advised Ms Earvin about the fact that he was being housed in cell 40 on the top tier. Ms Earvin replied that if Brown was going to make an issue out of every little problem then she would just move him to the hole in a cell by himself and he could have all his contact supplies in 4 Bravo. For fear of being moved to 4 Bravo and being segregated for the rest of his time in (SJC) Brown never brought the issue about being in cell 40 up again, even though it was a risk to his safety.

24) After the conversation with Ms Earvin around 4/14/2023 Brown was taken to medical upon request most of the nights up until around 5/20/23 when Brown didn't get his contacts removed for the whole weekend.

25) On 5/22/23 Brown woke up with extremely red eyes and a mucus build up in his eyes. When he went to medical to clean his lenses he showed the nurse practitioner all the slime on his lenses.

26) On or Around 5/23/23 Brown was prescribed an antibiotic for his eye infection. Medical orders were for the drops to be administered 4 times a day. Brown was put on a schedule, 12pm and 5pm for cleaning lenses and eye drops, at night administer drops during contact removal, and during 5 am med pass. At around 8 am Brown could reinsert lenses.

27) On or about May 26 2023 Brown was called down to medical. Brown was called into an office with H.S.A Jones and the nurse practitioner. Jones advised Brown that they were not going to keep bringing him to medical four time a day, that he should surrender his lenses for 7 to 10 days to make it easier on staff to just give Brown the antibiotic off the med cart. Brown advised Jones that without his lenses he was legally blind and giving them his contacts would make it harder on him for 7 to 10 days. That if they take his contacts for that long he would get migraines from trying to read, write, watch his surrounding and all other everyday life activities. Jones replied that if he refuses to give up his contacts then he could no longer use the antibiotic until he did. Brown in turn asked Jones what type of sense did that make and Jones replied it makes perfect sense to her and for the CO to escort

28) On or about 5/26/23 after talking to H.S.A Jones, Brown refused to leave medical until he was allowed to clean his lenses and administer his antibiotic for his infection. Brown was asked to leave several times and Brown refused insisting on seeing Tammy Ross or Major Ervin. Co Alexander answered the call for help in medical followed by Captain Wilborn. Brown explains the situation to Alexander and Wilborn advising them that he has an eye infection and its time to take the antibiotic and clean his lenses and the H.S.A is denying his medical treatment. Brown advises the officers that his eyes are burning and itching. Captain Wilborn advises Brown that it is almost count time and that if he would just return to his unit and lockdown he would make sure Brown got what he needed after count. Brown complies.

29) Later on on 5/26/23 at approximately 4:30pm Brown asks Co Cyles to call medical because his eyes were burning and itching and he needed to clean his lenses and take his antibiotic. Cyles call medical and the nurse who answers informs Cyles that Lt.SA Jones said its to early for Brown to remove his lenses that Brown can come later. Brown asks Cyles to call a white shirt. LT Dunning comes to (PAHF) and escorts Brown to medical accompanied by Cyles.

30) On or about 5/26/23 at approximately 4:50 pm Brown walks into medical. Captain Wills was sitting at the medical receptions desk. Wills asks Dunning what the problem was. Dunning explained then went and talks to Jones. Jones tells Dunning that Brown was not getting his antibiotic nor could he clean his lenses, right now. Jones then told Dunning to bring Brown back later to remove his contacts then walked away from LT Dunning and headed to the back office. Brown and Wills observed the whole interaction. Wills told Dunning to take Brown back to his housing Unit. Brown told Captain Wills that he was not going to go back to his cell and wait around in agony for 5 more hrs with itchy, burning eyes. Nurse Fields intervened saying she didn't care what Jones said, that she refuses to let Brown walk out of medical with his eyes in that condition. Fields took Brown, LT Dunning and Co Lyles in an exam room and gave Brown his supplies.

31) On or about 5/26/23 while Brown was doing his lens cleaning, Jones barges in the exam room, and pushes pass nurse Fields, Dunning, and Lyles. Jones pushes Brown against the wall and sink area while snatching the pink packet of sodium cloride out of his hand. Jones picks up the basket containing Brown's contact supplies. Jones then yells in Dunning's face that she told him that Brown wasn't allowed to do anything right now. That all the supplies in medical were hers and she said Brown couldn't use them. Jones then storms out of the room into the reception area. Fields gives Brown another sodium cloride pack and Brown inserts his contact. Brown and Jones have a verbal confrontation because Brown asks her

back to his housing Unit without further disruption.

32) On or about 5/27/23 Brown saw the Major in the hallway coming back from medical. Brown stopped Earvin and advised her of the situation with Jones on or about 5/26/23. Earvin advised Brown to fill out a paper (IR) incident report. She advised him to only give it to Co Young to give to her. Brown turned in the (IR) a couple days later. Brown never recieved a reply.

33) On or about 5/27/23 Jones wrote a memo in retaliation to the verbal altercation she had with Brown on or about 5/26/23. The memo states that Brown is no longer allowed to come to medical on 3rd shift to remove his lenses. It says if Brown is not brought to medical on 2nd shift then he has to wait until morning to clean his lenses, on 1st shift. Jones knows that the TV's and Tabelets dont cut off until 12am on Friday and Saturdays, and she knows that by not allowing Brown to come to medical on 3rd shift would increase the chances of him having to sleep with his contacts.

34) On or about June 1st 2023 Brown was taken to SLU-Care to see the opthamologist. The doctor observed blood vessels and ghost blood vessels in Brown's eyes. The eye doctor sent a report back to (SJC) saying that Brown needed to take his lenses out more frequently and that he should have his supplies always available to him.

35) On or about 5/29/2023 Co MacMiller asked Brown at around 9:30 pm if he was ready to go to medical, Brown answered Yes thats fine. Around 10:00 pm Brown asked MacMiller where was his escort and MacMiller replied that she didn't know and they said they were on theyre way. MacMiller went home and Co Snyder came on for 3rd shift. Snyder called every 30 minutes for hours to get Brown an escort to medical but nobody ever came. At around 12:45 am Captain Fowlkes did a security round in (PAHF). Brown advised Fowlkes that he had an eye infection and still had his contacts in his eyes, that he needed to be escorted to medical to remove his contacts and administer the atitibiotic. Fowlkes replied that 2nd shift should have handled that and he had more important business to handle. Fowlkes told Brown he would be alright until morning and walked off

36) On June 4, 2023 Brown was watching the NBA playoffs on TV. Co Hardaman came into (PAHF) and asked Brown was he ready to go to medical at approximetely 8:30pm. Brown informed Hardaman that it was only 8:30 and asked Hardaman could she allow him to finish watching the game. Hardaman replied OK, and that was fine she would be back

37) On June 4th 2023 at around 10:45 Brown asked Co Simms to call him an escort to medical. Co Simms called medical on speaker for Brown to hear and Nurse Morris picks up the phone and says Brown refused to come down when she sent an escort on 2nd shift he can try again tommorrow. Brown then asks Simms to call a whiteshirt. The whiteshirt told Simms that medical said he must come

38) On June 4th 2023 Frustrated that he was not getting adequate medical treatment Brown throws a bucket of water out of his cell onto the walk way to make the whiteshirts have to come look at the condition of his eyes. The response team and supervisory staff came to see what the commotion was. CO Johnson handcuffed Brown while captain Fowlkes video taped the incident, with a video camera. Brown shows the video camera and all supervisory staff in attendance that his eyes are indeed infected and need medical attention. They finally call Earvin at home to get approval to by-pass medicals orders and take Brown to do his treatment. Earvin tells her staff to tell Brown to lockdown she would come check on him in the morning. Brown was forced to wear his contacts to sleep yet again with infected eyes.

39) On June 5th 2023 around 12:30 am Captain Fowlkes wrote a disiplinary report on Brown for throwing water out his cell. Fowlkes never came and read Brown the write up. On June 5th and 6th Brown came out for morning rec and evening rec. On June 7th 2023 Brown was put on lockdown for 3 days without ever seeing a disiplinary report. Policy of the old handbook under the old Commissioner, since there is no new handbook for the new commissioner says that all writes up are to be read to an inmate within 24 hrs of the incident. On the third day of the lockdown LT Thomas took Brown off lockdown becuse she didn't feel it was fair. When the hearing officer finally read the write up he threw it out becovse he under stood why Brown did what he did.

40) On June 5th 2023 Brown woke up with a drastic change in his vision. Brown could no longer see clearly far away anymore with his lenses in, and things were even more blurry than usual without the lenses.

41) On or about June 7 2023 Brown went to medical to remove his lenses. Nurse Morris was sitting at the computer browsing the Internet. Brown asked Morris why she refused to let him come remove his lenses on 6/4/23 knowing he had an eye infection. Nurse Morris replied because your disrespectful and you think you run something, dont nobody gotta move on yo time thats yo problem. Morris further stated that Jones wrote the memo because Brown called her a "bitch" during their verbal altercation and it was 3rd shift when Brown tried to come to medical. Brown informed her that banning him from coming to medical on 3rd shift was violating his rights under the ADA because the tablets and TV's dont cut off till 12am on weekends. Morris told Brown she didnt care. Brown told Morris dont worry about it, that he would just write her up. Morris told Brown to make sure he spelled her name right.

42) After the verbal altercation with Morris on June 7th 2023 Morris stop giving Brown his medicine during 5 am med pass. Brown wrote a greivance on Morris when he noticed Morris had not given him his blood pressure meds on more than one occasion. After Brown noticed the pattern Morris did it again on the 27th, 28th, and 30th of June. Brown received his meds from every other nurse but Morris. Its on camera that Morris would pop out other inmates for their meds and when Brown would ask for his meds she would tell the officer she didn't have anything for Brown

43) Brown has reported through the grievance app on the tablets not being taken to medical at night to remove his contacts on the dates of May 14th, 20th, 21st, 30th and 31st of 2023.

44) On or about June 1st 2023 Brown was not taken to medical to remove his lenses even though he came back from the opthamologist with doctors orders.

45) On the dates of June 4th, 5th, 9th, 10th, 12th, 13th, 17th, 18th, 19th, 23th, 24th, 25th, 27th, 28th, and 30th of 2023 Brown reported also through the greivance app that he was not taken to medical to take out his lenses.

46) On June 21st 2023 Major Earvin sent out a memo to all CO staff saying Brown should be taken to medical between 9:30 and 10:00 pm everyday.

47) On June 21st 2023 H.SA Lucinda Jones and D.O.N Debra Jones wrote a memo to all medical staff reinerating the memo H.SA Jones wrote on or about May 27, 2023 stating Brown could come to medical in the morning between the hours of 8am and 11am, and could come between 9:30pm and 10:00pm (Only) to remove his contact Lenses. Count time is in between the times of 9:30 and 10:30 making it a high probability that Brown wont make the 930 to 10:00 pm window which forces Brown to sleep in his contact lenses and risk waking up Blind.

48) On the dates of July 1st, 2nd, 4th, 5th, 6th, 10th, and 14th of 2023 and also the 15th and 18th Brown was not taken to medical to remove his lenses. From the days the memo's went out Brown has missed 15 days of proper medical treatment.

49) On the date of 7/18/23 Brown was taken to slu medical center to get a check up for an eye infection he developed around the 14th of July 2023. Brown had a sick call v.s.t with the inst. tution doctor on the 16th of July 2023 and Brown informed the doctor that he had an eye infection from all the neglected nights he did not go to medical. Brown informed the doctor that his vision has declined drastichly in the last month or so and that he was seeing spots and the lights were hurting his eyes. The doctor told Brown he would send him out to the eye doctor. On 7/18/23 when Brown reached the eye doctor there was another inmates medical file inside his folder. This incompetent mistake caused Brown not to be seen by the eye doctor and have his appointment re-scheduled. Brown did not get anything prescribed for his infection by the institution doctor and had to sit in pain and wait on the next appointment.

50) On the Dates of 7/11/23 and 7/19/23 Nurse Morris did not give Brown his blood pressure meds during med pass. Morris gave every other inmate who receives 5:00 am meds their meds, everyone except Brown. Brown also did not get taken to medical to remove his contacts on the 19th, 21st, 22nd and 23rd of July. Brown has had the eye infection for over 7 days without treatment and medical will not give Brown any medication for his micraines.

51) On July 24 2023 Brown was escorted to remove his contacts at night. Brown advised the nurse on duty that he had a terrible migraine and needed something for the pain. Brown also advised the nurse that he had been asking for something for the past couple days. The nurse replied that she couldn't give him medicine without an order. Brown shows her his eyes and advises her that he had an eye infection with no treatment for over 7 days. The nurse still would not give Brown any pain meds.

52) On July 25 2023 Brown woke up with a mind numbing headache. Brown did not get out his bed for rec deciding to to stay in the dem light in his cell and rest. At around 9:30 am CO Trip yelled Brown's name saying that someone was on the way to escort him to medical to put his lenses in. When Brown comes out his cell to go to medical the lights make his headache worse. Brown tries to focus on going down the stairs but misses a step do to his vision being unfocused and falls hard down approximately 15 concrete steps landing awkward at the bottem. CO Tripp called for help and Brown was sent to SLU Hospital.

53) On July 25 2023 Brown returned to the (SJC) with a prescription for Tylenol and Motrin for his back and neck pain and an order from the opthamologist to keep his contacts out until his eye appointment on July 26 2023. Brown was not giving any pain medicine on July 25th or 26th of 2023 per orders of nurse practioner Burns.

54) On July 25 2023 after returning from the ER plaintiff Brown was moved to the infirmary into med cell 1 by himself. Brown was not giving his contact lenses back until July 31 2023. Brown was not ordered any pain medication for his injuries until July 27 2023 even though he came back from the ER with a doctors prescription. Brown complained for 2 days about chronic Back and neck pain and was advised by the nursing staff that nurse practioner Burns said she didn't feel like he needed pain meds and that she could go against the prescription if she wanted to.

55) On June 27 2023 nurse Morris did not give plaintiff Brown his morning Blood pressure meds. Nurse Brown brings plaintiff Brown some Tylenol around 11 am. Plaintiff Brown asks nurse Brown for his blood pressure med explaining to nurse Brown that nurse Morris is still not giving him his morning meds. Nurse Brown replies "thats sad" but never gives Brown the blood pressure meds. Nurse Morris also didnt pass Brown his meds on July 28th or 31st of 2023.

56) On August 2nd Dow Jones comes to Brown cell and asks him about the allegations hes making about Nurse Morris not giving him his meds. Brown explains the situation to her and also advises her that he told her this a month ago and she did nothing about it. Jones tells Brown she doesn't remember that but she will rectify the situation now.

57) On August 5th 2023 Nurse Morris does not give plaintiff
Brown his medication during morning med pass. Later on during
night med pass Morris refuses to give Brown his meds. Brown
didn't recieve his Blood pressure meds or pain medication the
whole day on August 5 2023.

58) On July 12 2023 the facility did the weekly laundry
exchange. Laundry exchange was not conducted again until
August 8 2023. laundry exchange was not conducted again
until August 21 2023. At laundry exchange inmates are
suppose to be able to exchange their dirty sheet, wash cloth
and dry tile, and one uniform. Also able to send their
laundry bag with their T shirts, socks and underwear in
it out to be washed and returned the same day. Without the
laundry exchange inmates are forced to live in filth, and
unsanitary conditions.

Count One Inadequat Prison Conditions (Basic Human Needs)

59) Defendants Clemons-Abdullah, Darnel Spear, Tammy Ross, and Marlyn Earvin acted with deliberate indifference by having knowledge that the admissions area was overcrowded, and that inmates were sleeping on the floor for weeks at a time, and not coming up with a plan of action to accommodate the inmates living conditions. By turning a blind eye to the fact that inmates were sleeping on the unsanitary floor, not getting they're clothes washed, and not having the basic neccessity of a mattress all defendants violated plaintiff Browns Eighth Amendment right to the United States Constitution to be free from cruel and unusual punishment and have all basic life necessities. Plaintiff Browns Due Process rights under the Fourteenth Amendment were also violated causing Plaintiff Brown pain, suffering, physical injury and emotional distress.

(Count Two Prison Conditions)(Basic Human Needs)

60) Defendants Clemons-Abdullah, Spear, Ross, and Earvin acted with deliberate indifference by not enforcing that the admissions staff provide inmates with new bedding and clothes before being sent back to their new housing unit. Plaintiff Brown was forced to put dirty sheets and blankets on his bed, and also sleep in dirty clothes violating plaintiff Browns Eighth Amendment right to be free from cruel and unusual punishment under the United States Constitution. Also violating Plaintiff Browns Due Process rights under the Fourteenth Amendment of the United States Constitution causing Plaintiff Brown pain, suffering, physical injury and emotional distress.

(Count Three Prison Conditions Basic Human Needs)

61) Defendants Clemon-Abdullah, Spear, Ross, and Earvin acted with deliberate indifference by not fixing the laundry problem in the

the inmates not recieving a laundry exchange was that the facility was short staffed and the CO over laundry was on leave. Inmates with the laundry worker Job washes all the laundry and are Just overseen by a CO. Anyone of the supervisory staff Lietenants, Captains etc could have and should have stepped in and filled this position until there was a permenant replacement for the position. Instead the Defendents turned a blind eye to the situation forcing inmates to sleep on dirty linens and wear dirty clothes, violating plaintiff Browns Eighth Amendment rights to the United States Constitution to be free from cruel and unusual punishment and have all basic human needs. Also violeting plaintiff Browns Fourteenth Amendment to the United states Due process rights causing pain, suffering, physical injury and emotional distress.

( Count Four Inadequate Medical Care )

62) Defendants Lucinda Jones and Debra Jones acted with deliberate indifference by being the supervisory leadership over medical and not coming up with a schedule for plaintiff Brown to clean or remove his contacts for the first approximete 20 days plaintiff Brown was housed in the St.Louis Justice Center. Plaintiff Brown had to yell out and subsequently argue with every CO and every nurse including Dow Jones from his cell through his checkhole just to be teking to medical to clean his contacts. This action made the multitude of the other inmates aware of plaintiff Browns disability, violating plaintiff Browns Fourteenth Amendment to the United states Constitution Due Process rights to medical privacy and confidentiality. Also violating plaintiff Browns Eighth Amendment to the United states Constitution right to

physical injury and emotion distress.

(Count Five Inadequate Medical Care)

63) Defendant Clemons-Abdullah acted with deliberate indifference when she went against Dr. Mallord's orders for plaintiff Brown to keep his contact supplies in his cell. The deliberate decision to not allow plaintiff Brown to keep his prescribed self carry meds on his person caused Brown to develope multiple eye infections from having to sleep with his contacts in his eyes on multiple occasions because Defendant Clemons-Abdullah did not properly supervise her staff after making the decision. After plaintiff Brown wrote numerous complaints about not getting the proper treatment that defendant forced upon the plaintiff the defendant did not modify her decision or policy to accomendate plaintiff Browns serious medical need. This violates plaintiff Browns Eighth Amendment to the United States Constitution rights to be free of cruel and unusual punishment and Fourteenth Amendment Due Process rights causing pain, suffering, physical injury and emotional distress.

(Count Six Inadequate Prison Conditions)

64) Defendants Ross, and Earvin acted with deliberate indifference by not moving plaintiff Brown to a Bottem Tier / Bottem Bunk after he brought to the defendants attention that he was not suppose to be on a Top Tier violating plaintiff Brown Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment and conditions that pose an unreasonable risk of serious change to future health, Also violating plaintiff Brown Fourteenth Amendment Due Process Rights, causing plaintiff Brown pain, suffering physical injury and emotional distress.

(Count 7 Inadequet Medical Care)

65) Defendant HSA Jones acted with deliberate indifference when she would not allow plaintiff Brown to clean his contacts or take his antibiotic, causing a decline in Browns vision. This violates plaintiff Browns Eighth Amendment to the United states Constitution rights to be free from cruel and unusual punishment and to recieve adequate medical care. Also violating plaintiff Browns Fourteenth Amendment Due Process rights causing pain, soffering, physical injury and emotional distress.

(Count 8 Inadequate Medical Care)

66) Defendant H.S.A Jones acted with deliberate indifference for a second time on the same day when she did not let plaintiff Brown clean his contacts and use his antibiotic after Brown expressed a serious medical need. To send Brown back to his cell without medical attention Knowing Brown had an eye infection was a direct violation of Brown Eighth Amendment to the United States Constitution right to be free from cruel and unusual punishment and recieve adequate medical care. Also violating plaintiff Browns Fourteenth Amendment Due Process right causing plaintiff Brown pain, soffering physical injury, and emotional distress.

(Count 9 Inadequte Medical Care) (Retaliation & Harassment)

67) Defendant H.S.A Jones acted with deliberate indifference when she wrote the memo to medical staff banning Brown from medical on 3rd shift the day after the defendant and plaintiff had a verbal and physical altercation. Defendant Jones did not give any valid reasons or explanation for the memo and it is obvious to any lay person that there was a malicious and retalatory and

to be free from cruel and unusual punishment and recieve adequate medical care. This action also violates plaintiff Browns Fourteenth Amendment Due process rights causing plaintiff Brown pain, suffering, physical injury, and emotional distress.

(Count 11 Inadequate Medical Care)

68) Defendants, Fowlkes, Morris, and Earvin acted with deliberate Indifference by not allowing plaintiff Brown to go to medical on June 4, 2023 to remove his lenses Knowing Brown had an eye infection. It was obvious to any lay person that looked in plaintiff Browns eyes that his lenses needed removing and he needed his antibiotic. When defendants Fowlkes, Morris, and Earvin made the deliberate decision to make Brown sleep with his contacts risking serious injury to plaintiff Browns eyes defendants violated Browns Eighth Amendment to the United states Constitution rights to be free from cruel and unusual punishment and recieve adequate medical care. Defendants also violated Browns Fourteenth Amendment Due Process rights causing plaintiff Brown pain, suffering, physical injury and emotional distress.

(Count 12 Due Process)

69) Defendant Fowlkes wrote a disiplinary write up on plaintiff Brown on June 5 2023 but did not lock Brown in his cell for the alleged violation until June 7 2023. The St. Louis Justice Center does not currently have an active handbook that they pass out, but some of the pages from the old handbook are available on the tablet. The handbook states all write ups are to be read to the inmate within

making the violation report invalid, making the 3 days plaintiff Brown was on lockdown in his cell a violation of plaintiff Browns Fourteenth Amendment to the United States Constitution Due Process rights causing pain, suffering, and emotional distress.

( Count 13 ) Inadequate Medical Care ( Retaliation & Harassment)

70) Defendant Morris acted with deliberate indifference and malicious intent when she decided under her own free will to retaliate against plaintiff Brown for the verbal altercation they had by not giving Brown his Blood pressure meds during morning meal pass, on numerous occassions. Defendant Morris never wrote a complaint about having an issue with Brown, Morris just made the deliberate decision to stop giving Brown his medication, violating Browns Eighth Amendment to the United States Constitution rights to be free of cruel and unusual punishment, harassment, and retaliation, and to recieve adequate medical care. This action also violates plaintiff Browns Fourteenth Amendment Due Process Rights causing Brown pain, suffering, physical injury and emotional distress.

( Count 14 Inadequate Medical Care )

71) Defendants Debra Jones, Lucinda Jones, Clemons-Abdullah, Spears, Ross, and Irvin acted with deliberate indifference when none of these supervisors stopped the retaliation and harassment of defendant Morris against plaintiff Brown after plaintiff Brown put in numerous complaints about defendant Morris's conduct. These deliberate decisions to turn a blind eye to the situation violates plaintiff Browns Eighth Amendment to the United States Constitution rights to be free from

adequate medical attention. These actions also violate plaintiff
Browns Fourteenth Amendment Due Process rights causing plaintiff
Brown pain, suffering, physical injury, and emotional distress.

(Count 15  Inadequate Medical Care)

72) Defendants Clemons-Abdullah, Spear, D. Jones, L. Jones, Ross,
and Earvin all acted with deliberate indifference, by not enforcing
that their staff make sure plaintiff Brown was escorted to medical
to remove his contacts on numerous days before and after the
memo's went out about Browns medical issue. Everyone of these
supervisors had direct knowledge of Browns medical needs and disability
4/14/23. On 6/21/23 these supervisors put out memo's to their
subordinates to follow a schedule regarding Browns medical treatment.
Each defendant failed to supervise their staff or just turned
a blind eye to the situation because the same issues occurred before
and after the memo's violating plaintiff Browns Eighth Amendment
to the United States Constitution to be free from cruel and unusual
punishment and recieve adequate medical care. Defendants also violated
plaintiff Browns Fourteenth Amendment Due Process rights causing
Brown pain, suffering, physical injury, and emotional distress.

(Count 16  Inadequate Medical Care)

73) Defendants Williams, Wills, and Fowlkes all acted with
deliberate indifference as Captains by not properly supervising
the Lietenants and blue shirt $CO^S$ on second shift after Defendants
Earvin, Spear, and Ross specifically wrote a memo directed to
defendants Williams, Wills, and Fowlkes to make sure

9:30pm and 10pm. The deliberate decisions made by the defendants
to not send an escort for Brown on numerous occasions violates
plaintiff Browns Eighth Amendment to the United States Constitution
rights to be free from cruel and unusual punishment and recieve adequate
medical attention. Defendants also violated plaintiff Brown Fourteenth
Amendment Due Process Rights, causing plaintiff Brown pain,
suffering, physical injury and emotional distress.

( Count 17 Due Process

74) Defendants Earvin and Spear wrote a memo about plaintiff Browns
medical issue and disability. Brown was told by several CO$^s$ and
whiteshirts that the memo was posted all around the Jail for
for anyone to read including civilian workers like commissary,
and maintenance workers. This violates plaintiff Browns Fourteenth
Amendment to the United States Constitution Due Process rights
to medical privacy and confidentiality causing plaintiff Brown pain,
suffering, and emotional distress.

( Count 18 Inadequate Medical Care )

75) Defendants Clemons-Abdullah, Spear, Ross, Earvin, L. Jones,
D. Jones, Williams, Wills, and Fowlkes acted with deliberate
indifference to plaintiff Browns serious medical need to remove
his contacts on the dates of May, 19th, 20th, 21st, 30th and 31st
of 2023, June 1st, 4th, 5, 9, 10, 12, 13, 17, 18, 19th, 23rd, 24, 25th,
27th, 28th, and 30th of 2023, July 1, 2nd, 4th, 5, 6, 10, 14, 15th,
18, 19th 21st 22nd 23rd of 2023. Every defendant had personal knowledge
of the plaintiff medical need and disability. By not sending Brown

his lenses posing an unreasonable risk of serious change to future health violating plaintiff Browns Eighth Amendment to the United States Constitution rights to be free from cruel and unusual punishment and recieve adequate medical care. Defendants also violated Browns Fourteenth Amendment Due Process rights causing plaintiff Brown pain, suffering, physical injury, and emotional distress.

(Count 19  Inadequate Medical Care)

76) Defendants L Jones and O Jones acted with deliberate indifference after finding out that plaintiff Brown did not see the opthamologist because on of their suboardinates put the wrong medical file in plaintiff Browns folder defendants did not make sure that Brown saw the institutional doctor to make sure Browns condition did not get worse while Brown had to wait on a new appointment. These actions violate Browns Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment and recieve adequate medical care. Also violating Browns Fourteenth Amendment Due Process rights to medical privacy and confidentiality causing plaintiff Brown pain, suffering, physical injury, and emotional distress.

(Count 20  Inadequate Prison Conditions)

77) Defendant Brock acted with deliberate indifference after reviewing numerous grievances submitted by plaintiff Brown about his medical issues and disability. Every complaint showed Browns cell # 40 U, which means cell C10 upper bunk. Defendant Brock has also been to the (PAHF) and Brown has asked Brock about the status of his grievances, so Brock has seen with

By not taken the initiative to move Brown to a lower level after knowing about Browns disability and housing situation Brock violated plaintiff Browns Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment. Defendant also violates plaintiff Browns Fourteenth Amendment Due Process right causing pain, suffering, physical injury, and emotional distress.

( Count 21  Inadequate Prison Conditions)

78) Defendants Earvin, Ross, Burns, Clemons-Abdullah, Spear, Brock, Williams, L. Jones, D. Jones, Wills, and Fowlkes all acted with deliberate indifference by not moving Brown to a Lower Tier cell. Each defendant had knowledge of Browns disability and knew Brown was legally blind without his corrective lenses. Defendants L. Jones, D. Jones, and Burns should have put it in Browns file to be housed on the bottom Tier, especially after they recieved his medical files from MDOC and FBOP where Brown has and Bottom Tier/Bottom Bunk requirement in both files. Defendants Earvin, Ross, Clemon-Abdullah, Spear, Brock, Williams, Wills and Fowlkes all knew Brown had to walk down a flight of stairs without his contacts to retrieve his contacts anytime he was taken to medical at night to remove his lenses. All these defendants as high ranking supervisors had the authority to go in the computer and make the move but did not do it. Any lay person would have known to not house Brown on a top tier with his disability. ~~[illegible]~~ By not moving Brown to the lower Tier the Defendants left Brown vulnerable to serious bodily harm everyday he was

housed on the top tier. As a result plaintiff Brown fell down a flight of 15 concrete stairs. Defendants violated plaintiff Browns Eighth Amendment to the United States Constitution rights to be free from cruel and unsual punishment, and the risk of serious bodily harm. Defendants also violated Browns Fourteenth Amendment Due Process rights causing plaintiff Brown pain, suffering, physical injury and emotional distress.

(Count 22 Inadequate Medical Care)

79) Defendant Burns acted with deliberate indifference by not ordering plaintiff Browns pain medication for 2 days after Brown fell down the stairs. This violates plaintiff Browns Eighth Amendment to the United States Constitution rights to be free of cruel and unusual punishment and recieve adequate medical care. Defendant also violated Brown Fourteenth Amendment Due Process rights causing plaintiff Brown pain, suffering, physical injury and emotional distress.

(Count 23 Assault)

80) Defendant L. Jones assaulted plaintiff Brown when she pushed plaintiff Brown against the sink and wall and snatched his contact supplies out of his hand. Defendant Jones violated plaintiff Browns Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment and free from assault. Defendant also violates plaintiff Browns Fourteenth Amendment Due Process rights causing plaintiff Brown pain, suffering, physical injury, and emotional distress.

(Injuries)

I suffered Back, neck and leg injuries from my fall down the stairs. I was only prescribed Tylenol and Motrin.

## IV.    Relief

State briefly and precisely what you want the Court to do for you.  Do not make legal arguments.
Do not cite any cases or statutes.  If you are requesting money damages, include the amounts of
any actual damages and/or punitive damages you are claiming.  Explain why you believe you are
entitled to recover those damages. I am seeking compensatory damages in the amount
of $50,000 from Defendants J. Clemens Abdullah, Darnel Spear, Timmy Ross, Marilyn
Earvin, Debra Jones, Lucinda Jones, Freddie Wills, Anthony Williams, Javan Fowlkes
and Nurse Unknown Morris (per Defendant) for the irreversible damage and vision
loss caused by each defendants act of deliberate indiffence to my serious medical
need. Each Defendant had personal knowledge of my disability and the personal responsibility
to make sure I was taken to medical every night. There was a memo about my
disability and medical treatment that none of the defendants followed.

## V.    Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action
shall be brought with respect to prison conditions under section 1983 of this title, or any other
Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed
if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other
correctional facility?

[X] Yes        [ ] No

If yes, name the jail, prison or other correctional facility where you were confined at the
time of the events giving rise to your claim(s):

St. Louis City Justice Center.

B.    Does the jail, prison or other correctional facility where your claim(s) arose have
a grievance procedure?

[X] Yes        [ ] No        [X] Do not know

C.    If yes, does the grievance procedure at the jail, prison or other correctional facility
where your claim(s) arose cover some or all of your claims?

[ ] Yes        [ ] No        [X] Do not know

5

60,000 compensatory damages per Defendant against Defendants J. Clemons-Abdullah, Darnel Spear, Tammy Ross, Debora Jones, Lucinda Jones, Marilyn Earvin, Freddie Wills, Anthony Williams, Javon Fowlkes and nurse Morris for the vision loss, migraines I suffered from the multiple eye infections I got because of all the nights I was forced to sleep in my hard lens contacts.

8,000 against Defendant Javan Fowlkes for the 3 days I was locked down without due Process and for Fowlkes not taken me to medical to take out my contacts when I expressed a serious medical need.

10,000 punitive damages and compensatory damages against Defendants per every defendant J Clemons-Abdullah, Darnel Spear, Marilyn Earvin, Tammy Ross, Debra Jones, and Lucinda Jones for allowing Nurse unknown Morris to continuously not give me my medicine when she did med pass for almost 2 months. I wrote 2 grievances, informed medical staff verbally, and wrote about the situation in medical request forms. All these defendants failed to supervise their staff.

3,000 compensatory and punitive damages against Nurse Unknown Burns for not ordering my pain meds for 2 days when I came back from the ER with prescribed pain meds from the doctor. This forced me to lay in bed for 2 days in pain after I fell down a flight of stairs. Nurse Burns knew I fell down a whole flight of stairs and hurt myself

Injunctive Relief that I and any other inmate that has Kerotaconus be able to keep our contacts in our cell as self carry med. That the policy be modified to accomendate my disability.

retaliation and harassment and caused me to sleep with my contacts in my eyes most of June and July of 2023 causing me pain, suffering, physical injury and emotional distress.

15,000 compensatory damages and 20,000 punitive damages per defendant against defendants J. Clemons-Abdullah, Darnel Spear, Tammy Ross, and Marilyn Earvin for the unsanitary prison conditions when plaintiff Brown was housed in admissions for approximately 10 days with no matress sleeping on the floor. For the approximate 3 weeks during March and April of 2023 that Brown was not allowed to exchange laundry. For the approximate 5 weeks in July and August Brown was not allowed to exchange laundry. For the 6 months Brown was forced to sleep with the same blanket that he had to sleep on an unsanitary floor with.

100,000 compensatory damages against Defendants Darnel Spear and J. Clemons-Abdullah For overriding Browns doctors orders for Brown to keep his contact supplies in his cell. The policy and decision was made strictly by Clemons-Abdullah and inforced on her staff by her. Clemons-Abdullah could have easily made a modification to the policy or decision because contact solution, a silicone plunger, and sodium cloride "salt water" is harmless. The only person that was harmed by this policy was Brown by causing vision loss, migraines, a slip and fall down a flight of stairs, harassment, discrimination and pain, suffering, physical injury and emotional distress.

Relief (Continuous)

20,000 compensatory damages and 100,000 punitive damages against Defendant Nurse Unknown Morris for deliberately not passing me my morning blood pressure and pain medication. Nurse Morris made the deliberate decision to retaliate and harass me by not giving me my medication on numerous occasions.

50,000 per Defendant from Defendants J. Clemons-Abdullah, Darnel Spear, Tammy Ross, Marilyn Earvin, Debra Jones, Lucinda Jones, Freddie Wills, Anthony Williams, Javan Fowlkes and Unit Manager Unknown Brock for the act of deliberate indifference to not move me from the Top Tier / Top Bunk to a Bottem Tier / Bottem Bunk when each defendant had the Knowledge that I am legally blind without my corrective lenses. Each defendant had the Knowledge that I am suppose to go to medical every night and leave my contacts in medical, which means every defendant should have Known better than to house me on the Top Tier Knowing I would have to walk down the stairs every morning with blurry vision. Each defendant had the authority as high ranking supervisors to move me to a lower Tier but didn't, subjecting me to a substantial risk of serious injury or death. As a result of the defendants actions I fell down a flight of stairs hurting my lower back, neck, left pelvis, and a long gash down my left shin.

50,000 punitive damages and 10,000 compensatory against defendant H.S.A Lucinda Jones for the assault when she pushed me against the wall and sink of the exam room causing embarrassment, pain, suffering and emotional distress. Also for the memo she wrote in May denying me

If yes, which claim(s)?

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes            ☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes            ☐ No

E.     If you did file a grievance:

1.     Where did you file the grievance?

St. Louis City Justice Center

2.     What did you claim in your grievance? (*Attach a copy of your grievance, if available*) I wrote several grievances about not being able to have my self carry meds (my contact supplies) in my cell. I wrote several grievances about medical and CO staff not taking me to remove my contacts at night, forcing me to sleep in my lenses. I wrote greivances about Nurse Morris refusing to give me my blood pressure meds. I wrote grievances about ASA Jones assaulting me and not giving me my antibiotics for my eye infection. I wrote grievances about overcrowding and the fact that my blankets were dirty.

3.     What was the result, if any? (*Attach a copy of any written response to your grievance, if available*) Nothing ever happened. No response

4.      What steps, if any, did you take to appeal that decision?  Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*) I used the grievance App on the tablets. There is no official grievance policy or procedure. .

(*see exhibit C see exhaustion explanation*)

F.      If you did not file a grievance:

1.      If there are any reasons why you did not file a grievance, state them here:

2.      If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

7

Additional Previous Lawsuits.

Plaintiff  Anthony L Brown Jr.

Defendant(s) MDOC, Corizon, medical staff

Court - United States District Court
                Eastern District of Missouri

Docket or case number —  N/A dont Know

Judge — N/A dont know

Date of filing  Sept 2019

## VI.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A.    To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

☑ Yes                ☐ No

If yes, state which court dismissed your case and when it was dismissed.  Attach a copy of the court's order, if possible. United States District Court Eastern District of Missouri°

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes                ☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

1.    Parties to the previous lawsuit

Plaintiff _____

Defendant(s) _____

2.    Court (*if federal court, name the district; if state court, name the state and county*)

3.    Docket or case number _____

4.    Name of Judge assigned to your case _____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending?

    ☐ Yes

    ☐ No (*If no, give the approximate date of disposition*):_____

7.   What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

    ☐ Yes    ☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1.   Parties to the previous lawsuit

Plaintiff Anthony L Brown Jr.

Defendant(s) Phelps County, Corizon, and nurse

2.   Court (*if federal court, name the district; if state court, name the state and county*)

United States District Court
Eastern District of Missouri

3.   Docket or case number N/A dont Know

4.   Name of Judge assigned to your case N/A dont Know

5.   Approximate date of filing lawsuit Sept 2019

9

6.  Is the case still pending?

    ☐ Yes

    ☒ No (*If no, give the approximate date of disposition*): 2020

7.  What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

    Dismissed for failing to state a claim.

## VII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 23 day of August , 20 23 .

Signature of Plaintiff

10