# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY L. BROWN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:23-CV-1082 RLW |
| | ) |
| JENNIFER CLEMONS-ABDULLAH, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff Anthony L. Brown, Jr.'s motion for leave to proceed in forma pauperis in this civil action. The Court has reviewed the motion and the inmate account statement provided in support, and will grant the motion and assess an initial partial filing fee of $56.15. In addition, the Court will give Plaintiff the opportunity to file an amended complaint and will deny without prejudice Plaintiff's motion to appoint counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. District courts "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of" the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff filed an inmate account statement detailing his inmate account from March 21, 2023 through August 21, 2023. According to the statement, Plaintiff's average monthly balance was $43.53, and his average monthly deposit was $280.73. The Court therefore assesses an initial partial filing fee of $56.15, which is twenty percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented persons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, and are not required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is an inmate in the St. Louis City Justice Center (also "Justice Center"). He filed the complaint pursuant to 42 U.S.C. § 1983 on or about August 25, 2023, against the following 12 defendants: Commissioner of Corrections Jennifer Clemons-Abdullah; Deputy Commissioner Darnel Spear; Deputy Commissioner/Program Manager Tammy Ross; Chief of Security Major Marilyn Earvin; Nurses Debra Jones, Lucinda Jones, and Unknown Morris; Captains Freddie Wills, Anthony Williams, and Javan Fowlkes; Unit Manager Unknown Brock; and Nurse Practitioner Unknown Burns. Plaintiff sues Wills, Williams, and Fowlkes in an individual capacity, and he sues the remaining defendants in their individual and official capacities.

The Complaint is 50 pages long and it is accompanied by more than 40 pages of exhibits. Plaintiff identifies 23 individual claims that are based on various events that occurred during the entirety of his incarceration at the Justice Center. The Complaint contains a great deal of

3

unnecessary detail. Following is a condensed and summarized version of some of Plaintiff's claims.

Clemons-Abdullah, Spear, Ross, and Earvin are responsible for the fact Plaintiff had to sleep on a dirty floor in an overcrowded cell and wear dirty clothing and use dirty linens, and for failing to ensure there was adequate staffing to provide laundry services. L. Jones and D. Jones failed to establish a schedule for Plaintiff to clean or remove his contact lenses for the first 20 days he was at the Justice Center, and Plaintiff had to repeatedly ask, which made his vulnerability apparent to other inmates. Clemons-Abdullah went against a doctor's orders when she did not allow Plaintiff to keep his contact lens supplies with him, and failed to properly supervise her staff. Ross and Earvin failed to move Plaintiff to a bottom tier/bottom bunk despite knowing he had poor vision, thereby jeopardizing his safety and causing him to fall down the stairs. Another defendant refused to allow Plaintiff to clean his contacts or take an antibiotic, sent him back to his cell knowing he had an eye infection, and retaliated against him by banning him from the medical department. Fowlkes, Morris, and Earvin refused to let Plaintiff go to medical to remove his lenses despite knowing he had an eye infection, leaving Plaintiff to sleep in his contact lenses. Fowlkes violated Plaintiff's rights in conjunction with the issuance of a disciplinary violation. Morris retaliated against Plaintiff by not giving him medication for hypertension. Supervisory defendants failed to prevent Morris from retaliating against Plaintiff, and failed to ensure staff escorted Plaintiff to the medical department to remove his contact lenses. Earvin and Spear wrote a memo about Plaintiff's medical issues and disability and posted it around the facility for all to read, thereby labeling Plaintiff as vulnerable and jeopardizing his safety. L. Jones and D. Jones failed to ensure Plaintiff saw a doctor for his eye disorder. Burns failed to promptly order pain medication for Plaintiff after he fell down the stairs. L. Jones subjected Plaintiff to excessive force.

On September 28, 2023, Plaintiff filed a nine-page document containing additional facts and claims, and asked the Court to add them to the Complaint. (ECF No. 5). Briefly, Plaintiff alleges he was "put on isolation from the rest of the institution for having an eye dise[a]se disability," rarely given recreation time, subjected to 24-hour-per-day overhead lighting that disrupted his sleep, rarely given clean laundry, forced to cell with other inmates, not taken to the medical department to remove his contact lenses, and not taken to an ophthalmological appointment. (ECF No. 5 at 1). Plaintiff identifies at least three additional claims for relief: (1) defendants identified as "HSA Jones and DON Jones" failed to send Plaintiff to see a specialist for his eye disorder; (2) Spear, Ross, and Earvin are responsible for Plaintiff having to remain in a cell that was illuminated 24 hours per day; and (3) Clemons-Abdullah violated Plaintiff's rights under the Americans with Disabilities Act and the Rehabilitation Act. *Id.* at 5. Plaintiff did not sign the document.

**Discussion**

In the Complaint and supplemental document, Plaintiff purports to assert multiple claims against a dozen defendants based on various events that occurred during the entirety of his confinement at the Justice Center. A plaintiff may join in one action as many claims as he has against a single defendant. Fed. R. Civ. P. 18(a). However, when multiple defendants are named, the Court must first consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982).

Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if he asserts a right to relief against them that arises from the same transaction or occurrence or series of transactions or occurrences, and presents common questions of law or fact. Unrelated claims

5

against different defendants belong in different suits. In cases filed by non-prisoners, this requirement prevents the complication and confusion that results from multi-claim, multi-defendant lawsuits. In the context of cases filed in forma pauperis by prisoners, it serves the additional purpose of ensuring that prisoners pay the required filing fees, because the Prison Litigation Reform Act limits to three the number of frivolous suits or appeals a prisoner may bring in forma pauperis. *See* 28 U.S.C. § 1915(g).

In this case, some of Plaintiff's claims clearly belong in separate suits. For example, Plaintiff's claims regarding being forced to sleep on the floor in an overcrowded and dirty cell, to wear dirty clothing, and use dirty linens are not transactionally related to his claim that he was subjected to excessive force, and those claims are not related to his claims about receiving inadequate medical care. While the claims are all premised on events that occurred at the Justice Center, they do not arise from the same transaction or occurrence, and they do not present common questions of law or fact.

Misjoinder of parties is not grounds for dismissing an action but a court may, on its own, drop parties or sever any claim against a party in order to remedy the misjoinder. Fed. R. Civ. P. 21. Rather than drop parties or sever claims on its own at this time, the Court will give Plaintiff the opportunity to file an amended complaint. Doing so will allow Plaintiff to decide what to pursue in this lawsuit, and will recognize his demonstrated intent to amend the original Complaint.

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R.

2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a <u>short and plain</u> statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff's averments must be <u>simple, concise, and direct</u>. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff is advised to avoid including unnecessary detail in the amended complaint. Plaintiff will have the opportunity to present evidence and argument in support of his claims if and when this case proceeds to the later stages of litigation.

If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). However, as explained above, <u>if Plaintiff names more than one defendant, he may only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other</u>. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claim or claims. To assist Plaintiff, the Court will provide him with an additional copy of the relevant complaint form, and a copy of the form Application to Proceed in District Court Without Prepaying Fees or Costs to use if Plaintiff chooses to file a separate suit in forma pauperis.

It is important that Plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Further, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Finally, Plaintiff may not amend a complaint by filing separate documents containing changes he wishes to make to certain parts, as he did on September 28, 2023 when he filed the supplemental document described above. Instead, Plaintiff must file a single, comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). The amended complaint will be subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has also filed a motion to appoint counsel. The motion will be denied without prejudice. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When

8

determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that Plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. No defendant has been served with process and discovery has not begun, so there is no conflicting testimony. However, the Court recognizes that circumstances may change, so will deny the motion for appointment of counsel without prejudice and will consider future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, by **January 5, 2024**, plaintiff must pay an initial filing fee of $56.15. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff two copies of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983, and one copy of the Court's form Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that, by **January 5, 2024**, Plaintiff must file an amended complaint in accordance with the instructions set forth in this Memorandum and Order.

9

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 4) is **DENIED** without prejudice.

**Plaintiff's failure to timely and fully comply with this Order may result in the dismissal of this case, without prejudice and without further notice.**

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of December, 2023.