**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY L. BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1082 RLW |
| ) | |
| JENNIFER CLEMONS-ABDULLAH, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Anthony L. Brown, Jr.'s amended complaint. For the reasons explained below, Plaintiff will be given the opportunity to file a second amended complaint.

**Background**

As fully explained in this Court's prior Memorandum and Order of December 5, 2023 (ECF No. 10), Plaintiff's original 42 U.S.C. § 1983 complaint asserted unrelated conditions-of-confinement claims against 12 defendants. In addition, the complaint was unnecessarily long and contained a great deal of unnecessary information, and it violated Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. Plaintiff made those problems worse by filing a supplemental document containing additional claims, and asking the Court to incorporate them into the complaint.

The Court conducted the initial review required by 28 U.S.C. § 1915(e)(2), and gave Plaintiff the opportunity to file an amended complaint. The Court gave Plaintiff clear and specific instructions about how to prepare the amended complaint, and clearly explained the requirements of Rules 8(a), 10(b), 18(a), and 20(a) of the Federal Rules of Civil Procedure.

**The First Amended Complaint**

Plaintiff responded to the Court's Memorandum and Order by filing a first amended complaint against not 12 but 14 defendants. In setting forth his claims for relief, Plaintiff describes events that occurred from approximately May 27, 2023 through approximately December 17, 2023. It appears most of Plaintiff's claims stem from alleged denials of contact lens supplies and medical care for an eye condition. However, despite the Court's prior instructions, it appears Plaintiff also attempts to assert claims stemming from allegedly excessive force, falling down the stairs, confinement to a cell with 24-hour illumination, failure to respond to grievances, and a refusal to move him from top-tier accommodations, among others.

Also, Plaintiff's allegations are not simple, concise, and direct, and his claims are not stated in numbered paragraphs that are limited to a single set of circumstances. The first amended complaint includes a great deal of unnecessary detail, and it is often unclear exactly what allegations Plaintiff intends to assert against which defendants. For example, Plaintiff writes:

> On December 17, 2023 I woke up with mucus build up and eye pain because I still had my contacts in my eyes. When I pressed my intercom CO Whitt told me that Lt. Adams and Lt. Livingston-Ward said they put me on lockdown and that I couldn't go to medical. I asked him what a lockdown had to do with my medical care and asked him to call the captain on duty. I explained that I was in pain but he kept telling me they said no. I had to throw my lunch tray on the floor just to get the whiteshirt in the unit Lt. Borders, Lt. Adams, and Lt. Chapman came to my cell door and I told Lt. Borders that Lt. Adams and Livingston-Ward were retaliating we keep getting into verbal altercations because they always take me to medical in the morning around 11 or later so I won't be able to utilize my rec time with poor vision. They still didn't take me to medical. Nurse Hatcher said she put it in my journal that she called for me but was told I was on lockdown. Since I moved back to 5b writ pod I've been forced to sleep with my contacts September 10th, 11th, 14th, 15th, 17th, 19th, 20th, 24th, 26th, 27th, 29th, October 2nd, 3rd, 4th, 5th, 7th, 9th, 17th, 18th, 21st, 22nd, 23rd, 27th, 30th, 31st, November 3rd, 4th, 5th, 6th, 8th, 9th, 11th, 12th, 16th, 18th, 19th, 20th, 21st, 22nd, 23rd, 25th, 26th, 27th, 28th, 30th, December 2nd, 5th, 6th, 7th, 8th, 10th, 11th, 13th, 14th, 15th, 16th, 17th causing a severe damage in my vision.

(ECF No. 11 at 16).

Also, Plaintiff often lists a group of defendants and then makes general allegations of wrongdoing against them.  For example, Plaintiff writes:

> Around August 5, 2023 the control panel in medical went out causing the two big light fixtures in med room 1 and 4 to stay on for 24 hours of the day.  I complained to every nurse in medical, every supervisor that came in medical including Clemons-Abdullah, Darnel Speer, Tammy Ross, Marilyn Earvin, and Unit Manager Brock, that the constant illumination was giving me migraines, I was having light sensitivity and suffering from sleep deprivation.  No one would move me.

*Id.* at 15.

## Discussion

Like the original complaint, the first amended complaint asserts multiple unrelated claims against multiple defendants.  As fully explained in this Court's prior order, a plaintiff may join multiple defendants in one action *only* if he asserts a right to relief against them that arises from the same transaction or occurrence, or series of transactions or occurrences, and presents common questions of law or fact.  *See* Fed. R. Civ. P. 20(a)(2). Plaintiff's first amended complaint violates this rule.  In addition, Plaintiff's allegations are not simple, concise, and direct, as required by Rule 8(a), and are not set forth in numbered paragraphs that are limited to a single set of circumstances, as required by Rule 10(b).  As a result, to figure out what Plaintiff's actual claims are against each of the 14 defendants, the Court would have to examine the first amended complaint in great depth and then attempt to interpret it, to determine what Plaintiff is actually asserting against each named defendant.  This creates an undue burden for the Court which it is not required to undertake, as the Rules are intended to avoid placing such a burden on the Court.  Plaintiff's practice of grouping defendants together and generally asserting

3

wrongdoing also violates Rule 8, as it fails to provide adequate notice of the grounds for the claims made against each defendant.

Because Plaintiff is representing himself, the Court will give him one more opportunity to amend his complaint. Plaintiff is advised that the second amended complaint will replace the original and first amended complaints entirely. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the second amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a <u>short and plain</u> statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff's averments must be <u>simple, concise, and direct</u>. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff is advised to avoid including unnecessary detail in the amended complaint. Plaintiff will have the opportunity

4

to present evidence in support of his claims if and when this case proceeds to the later stages of litigation.

If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). However, if Plaintiff names more than one defendant, he may only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claim or claims.

It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the defendant's role in allegedly violating Plaintiff's rights, so the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Further, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, Plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. The second amended complaint will be subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff must file a second amended complaint that fully complies with the instructions in this Memorandum and Order, by **May 23, 2024**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**Plaintiff's failure to timely and fully comply with the instructions set forth in this Memorandum and Order will result in the dismissal of this case, without prejudice and without further notice.**

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of May, 2024.